IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LYDELL IVAN BUIE,

    Petitioner,           No. 2:10-cv-02790 KJN P

    vs.

BOBBY PHILLIPS,

    Respondent.        ORDER

                        /

        Petitioner is a prisoner currently incarcerated at the Tallahatchie County Correctional Facility in Tutwiler, Mississippi. Proceeding without counsel, petitioner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2007 conviction in Sacramento County Superior Court,[1] together with an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        Examination of the petition for writ of habeas corpus indicates that petitioner has

---

[1] Originally filed in the United States District Court for the Central District of California, this action was transferred to this court on October 15, 2010.

1

exhausted only the first three of his five claims for relief.[2]  (Petition (Dkt. No. 1), at p. 8.) Petitioner does not indicate whether he has sought, or is seeking, to exhaust his fourth and/or fifth claims in state court.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting those claims to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F. 2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).  A state court has had an opportunity to rule on the merits of a claim if that claim was fairly presented, that is, the petitioner described the operative facts and legal theory on which the claim is based.  Picard, 404 U.S. at 277-78.  It is generally "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made."  Anderson v. Harless, 459 U.S. 4, 6 (1982).  Rather, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief."  Gray v. Netherland, 518 U.S. 152, 162-63; Picard, 404 U.S. at 271; see also Duncan v. Henry, 513 U.S. 364, 365 (1995) ("If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court").

A federal district court may not entertain a petition for writ of habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised.  Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b)(1).

---

[2] Petitioner's first three claims appear to mirror his consolidated contention before the state courts challenging the trial court's denial of petitioner's motion for juror identifying information. (See, e.g., Dkt. No. 1, at 6-7, 60-61, 74.)  However, petitioner concedes that his fourth and fifth claims, both claiming ineffective assistance of trial counsel, were not pursued on appeal.  (Id. at 8.)

1    Because the instant petition is a "mixed petition," containing both exhausted and
2 unexhausted claims, and because petitioner does not assert that he has sought to exhaust his
3 unexhausted claims, petitioner will be given three options: (1) request dismissal of his
4 unexhausted claims, thus authorizing that this action proceed only on petitioner's exhausted
5 Claims 1 through 3; or (2) if petitioner has already exhausted claims 4 and 5, he should file an
6 amended petition confirming such exhaustion; or (3) request voluntary dismissal of this action so
7 petitioner may complete exhaustion of claims 4 and 5 in state court and then file a new federal
8 petition presenting only his exhausted claims. Petitioner shall indicate his choice on the attached
9 "Notice of Election," which he shall file within thirty days after service of this order; if petitioner
10 chooses to file an amended petition, he shall attach the amended petition to the "Notice."

11   Petitioner is advised, however, that if he chooses the third option above, any
12 future federal petition for writ of habeas corpus may be time barred. The habeas corpus statute
13 imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal
14 court. In most cases, the one year period will start to run on the date on which the state court
15 judgment became final by the conclusion of direct review or the expiration of time for seeking
16 direct review, although the statute of limitations is tolled while a properly filed application for
17 state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d). The court, at
18 this juncture, takes no position on the option petitioner should exercise or the legal ramifications
19 of such an election.

20   Accordingly, IT IS HEREBY ORDERED that:
21   1. Petitioner's motion to proceed in forma pauperis (Dkt. No. 7) is granted; and
22   2. Within thirty (30) days after service of this order, petitioner shall complete and
23 file the attached "Notice of Election;" if petitioner chooses to file an amended petition, he shall
24 ////
25 ////
26 ////

1  attach the Amended Petition to the "Notice."

2  DATED: November 22, 2010

```
                                        _____
                                        KENDALL J. NEWMAN
                                        UNITED STATES MAGISTRATE JUDGE
```

buie2790.hc.optn

4

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LYDELL IVAN BUIE,

      Petitioner,                    No. 2:10-cv-02790 KJN P

    vs.

BOBBY PHILLIPS,

      Respondent.               <u>NOTICE OF ELECTION</u>

         /

        Pursuant to the court's order filed _____, petitioner hereby elects to:

\_\_\_ (1) Request dismissal of unexhausted Claims 4 and 5, and proceed only on exhausted Claims 1 through 3;

**OR**

\_\_\_ (2) File an amended petition confirming exhaustion of claims 4 and 5;
        **and**
    \_\_\_\_ Attaches hereto the Amended Petition.

**OR**

\_\_\_ (3) Request voluntary dismissal of this action for the purpose of exhausting Claims 4 and 5 in order to file a new action setting forth only exhausted claims.

_____          _____
DATE                                        PETITIONER