1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LYDELL IVAN BUIE,

11              Petitioner,                No. 2:10-cv-02790 KJN P

12        vs.

13   BOBBY PHILLIPS, Warden,
     Tallahatchie County Correctional
14   Facility,

15              Respondent.               ORDER

16   _____/

17   I. Introduction

18              Petitioner, currently incarcerated at Tallahatchie County Correctional

19   Facility in Tutwiler, Mississippi, has filed a petition for a writ of habeas corpus pursuant to 28

20   U.S.C. § 2254, challenging his 2008 conviction in Sacramento County Superior Court.  Both

21   parties have consented to proceed before the undersigned for all purposes.  See 28 U.S.C.

22   § 636(c).  Petitioner raises three grounds for habeas relief:  the trial court allegedly abused its

23   discretion in denying petitioner's request for confidential juror information; a juror might have

24   withheld material information during voir dire; and the trial court's denial of petitioner's request

25   for identifying information on this juror allegedly violated petitioner's due process rights.  After

26   careful review of the record, this court concludes that the petition is denied.

1   II.  <u>Procedural History</u>

2           Petitioner was sentenced to seven years in state prison for his 2008 conviction on

3   two counts of assault with a deadly weapon, resulting in great bodily injury.  (Respondent's

4   Lodged Document ("LD") 9 at 229-30.)  Petitioner filed a timely appeal in the California Court

5   of Appeal, Third Appellate District.  On May 4, 2009, the Court of Appeal affirmed the judgment

6   in a reasoned decision.  (Dkt. No. 14-1.)

7           On June 22, 2009, petitioner filed a petition for review in the California Supreme

8   Court.  (LD 4.)  The California Supreme Court denied the petition on July 29, 2009.  (LD 5.)

9           On October 7, 2010, petitioner filed a petition for writ of habeas corpus in the

10  United States District Court for the Central District of California.  (Dkt. No. 1.)  On October 13,

11  2010, the petition was transferred to the Eastern District.  (Dkt. No. 3.)  Because grounds 4 and 5

12  were unexhausted, grounds 4 and 5 were dismissed, and respondent was directed to respond to

13  grounds 1-3.  (Dkt. No. 10.)

14  III.  Facts[1]

15          The opinion of the California Court of Appeal contains a factual summary of

16  petitioner's offenses:

17              In March 2007, [petitioner] and his girlfriend left a Sacramento bar
                after she got into an altercation with another woman.  As they left,
18              the other woman ran after them and the two women fought.  As
                two other women tried to intervene, [petitioner] pushed one down
19              and began kicking the woman on the ground.  When men from the
                bar tried to intervene, [petitioner] stabbed two with a knife,
20              inflicting serious injuries.  [Petitioner] fled, but was found hiding
                in a trash can.
21
                [Petitioner] did not testify, but argued self-defense and defense of
22              another.

23  (People v. Buie, slip op. at  2.)

24  _____

25          [1]  The facts are taken from the opinion of the California Court of Appeal for the Third
    Appellate District in People v. Buie, No. C058666 (May 4, 2009), a copy of which is appended to
26  respondent's answer and lodged by Respondent as LD 3.

IV.  Standards for a Writ of Habeas Corpus

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States.  28 U.S.C. § 2254(a).  A federal writ is not available for alleged error in the interpretation or application of state law.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000).

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under section 2254(d)(1), a state court decision is "contrary to" clearly established United States Supreme Court precedents if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a decision of the  Supreme Court and nevertheless arrives at different result.  Early v. Packer, 537 U.S. 3, 7 (2002) (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)).

Under the  "unreasonable application" clause of section 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.  Williams, 529 U.S. at 413.  A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  Id. at 412; see also Lockyer v. Andrade, 538 U.S. 63, 75

1   (2003) (it is "not enough that a federal habeas court, in its independent review of the legal

2   question, is left with a 'firm conviction' that the state court was 'erroneous.'") (internal citations

3   omitted).  "A state court's determination that a claim lacks merit precludes federal habeas relief

4   so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."

5   Harrington v. Richter, 131 S. Ct. 770, 786 (2011).

6          The court looks to the last reasoned state court decision as the basis for the state

7   court judgment.  Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002).  If there is no reasoned

8   decision, "and the state court has denied relief, it may be presumed that the state court

9   adjudicated the claim on the merits in the absence of any indication or state-law procedural

10  principles to the contrary."  Harrington, 131 S. Ct. at 784-85.  That presumption may be

11  overcome by a showing that "there is reason to think some other explanation for the state court's

12  decision is more likely."  Id. at 785 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)).

13         Where the state court reaches a decision on the merits but provides no reasoning

14  to support its conclusion, the federal court conducts an independent review of the record.

15  "Independent review of the record is not de novo review of the constitutional issue, but rather,

16  the only method by which we can determine whether a silent state court decision is objectively

17  unreasonable."  Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).  Where no reasoned

18  decision is available, the habeas petitioner has the burden of "showing there was no reasonable

19  basis for the state court to deny relief."  Harrington, 131 S. Ct. at 784.  "[A] habeas court must

20  determine what arguments or theories supported or, . . . could have supported, the state court's

21  decision; and then it must ask whether it is possible fairminded jurists could disagree that those

22  arguments or theories are inconsistent with the holding in a prior decision of this Court."  Id. at

23  786.

24  V.  Petitioner's Claims

25         All of petitioner's grounds relate to petitioner's efforts to obtain information

26  concerning a juror, who served as the foreperson on petitioner's jury, and who petitioner alleges

4

should have been dismissed based on petitioner's belief that the juror knew one of the victims.

The Court of Appeal provided the following background information:

> Before sentencing, the defense moved for access to juror information, alleging the foreperson had concealed the fact that she knew V.H., one of the victims.
>
> The motion was supported by an excerpt of voir dire, in which the foreperson stated she worked at the bar in question when she was 21, approximately "20 years ago," but that she was not familiar with the potential witnesses and would not be biased for or against either side. V.H. had been listed as a potential witness. The motion was also supported by an excerpt of V.H.'s trial testimony, in which he testified the bar had been in his family since 1982 and that he had worked there in different capacities. The defense theory was that if the juror worked at the bar in 1987, 20 years before the voir dire, and if it was owned by V.H.'s family since 1982, the juror must have known him.
>
> The People opposed the motion, in part pointing out that because V.H. was 11 years old in 1982, it was unlikely he spent much time at the bar when the juror worked there.
>
> The trial court denied the motion, finding there was no evidence the juror made any misrepresentation, there was no showing the alleged juror misconduct was of the type likely to have influenced the verdicts, and that defense counsel had failed to show she made diligent efforts to contact jurors through other means.

(People v. Buie, slip op. at 2-3.)

The court will address petitioner's first and third grounds, and then will address petitioner's second ground last.

## A. Alleged Abuse of Discretion - (First Claim for Relief)

Petitioner claims that the trial court abused its discretion under California Code of Civil Procedure § 237[2] because the trial court denied petitioner's request for confidential juror

---

[2] The relevant parts of Section 237 provide:

Upon the recording of a jury's verdict in a criminal jury proceeding, the court's record of personal juror identifying information of trial jurors, as defined in Section 194, consisting of names, addresses, and telephone numbers, shall be sealed until further order of the court as provided by this section.

1   information.  In his petition for review, petitioner argued that the interpretation of § 237 by the

2   Court of Appeal was incorrect.  (LD 4 at 4.)  Petitioner contended that defense counsel made a

3   prima facie showing requiring the trial court to release the juror's information.  (LD 4 at 4-10.)

4   Respondent contends that petitioner fails to state a cognizable habeas claim.

5          The last reasoned rejection of this claim is the decision of the California Court of

6   Appeal for the Third Appellate District on petitioner's direct appeal.  The state court addressed

7   this claim as follows:

> First, the motion did not show what steps counsel took to locate any
> jurors, therefore the trial court properly found a lack of diligence in
> obtaining the information by other means.  Defendant tacitly concedes no
> diligence was shown, but argues diligence is not required by the statutes
> adopted after <u>Rhodes</u> was decided.  We disagree.  Code of Civil Procedure
> section 237, subdivision (b) explicitly requires "good cause" for release of
> the information, and good cause encompasses a showing that the
> information could not be obtained by other reasonable means.  The
> purpose of making the statutory changes in Code of Civil Procedure
> sections 206 and 237 was to restrict access to juror information, not
> expand it beyond the <u>Rhodes</u> test.  (See <u>People v. Wilson</u> (1996) 43
> Cal.App.4th 839, 850-852; <u>Granish</u>, <u>supra</u>, 41 Cal.App.4th at pp.
> 1124-1129.)
>
> Second, the motion was based on speculation. The juror
> disclosed that she had worked at the bar.  She also stated she did
> not know any prospective witnesses.  There was no dispute that
> V.H. was a minor during the overlap between 1982, when V.H.'s
> family acquired the bar, and 1987, when the juror last worked at

---

Cal. Code Civ. P. § 237(a)(2).

> Any person may petition the court for access to these records. The petition shall
> be supported by a declaration that includes facts sufficient to establish good cause
> for the release of the juror's personal identifying information. The court shall set
> the matter for hearing if the petition and supporting declaration establish a prima
> facie showing of good cause for the release of the personal juror identifying
> information, but shall not set the matter for hearing if there is a showing on the
> record of facts that establish a compelling interest against disclosure. A
> compelling interest includes, but is not limited to, protecting jurors from threats or
> danger of physical harm. If the court does not set the matter for hearing, the court
> shall by minute order set forth the reasons and make express findings either of a
> lack of a prima facie showing of good cause or the presence of a compelling
> interest against disclosure.

Cal. Code Civ. P. § 237(a)(4)(b).

1         the bar.  Based on the defense showing, there is no reason to
      suppose the juror lied when she stated she did not know the
2         prospective witnesses.  The trial court did not abuse its discretion
      in finding the defense had not carried its burden to show a
3         plausible claim of juror misconduct.

4   People v. Buie, slip op. at 4-5.

5         The court will not address the merits of petitioner's claim that the trial court

6   allegedly abused its discretion in denying petitioner's request for confidential juror information

7   under California Code of Civil Procedure § 237.  This abuse of discretion claim solely involves

8   the application or interpretation of state law, and consequently is not cognizable on federal

9   habeas review.  See 28 U.S.C. § 2254(a); Estelle, 502 U.S. at 67-68 ("In conducting habeas

10  review a federal court is limited to deciding whether a conviction violated the Constitution, laws,

11  or treaties of the United States."); Smith v. Phillips, 455 U.S. 209, 221 (1982) ("A federally

12  issued writ of habeas corpus of course, reaches only convictions obtained in violation of some

13  provision of the United States Constitution.").  Moreover, the California Court of Appeal

14  rejected this claim based on state law only.  Bradshaw v. Richey, 546 U.S. 74, 76 (2005) ("a state

15  court's interpretation of state law . . . binds a federal court sitting in federal habeas").  Therefore,

16  petitioner's first ground for relief is denied.

17                 B.  Alleged Due Process Violation - (Third Claim for Relief)

18        Petitioner claims that the trial court's denial of petitioner's request for identifying

19  information on this juror violated petitioner's due process rights under the Sixth and Fourteenth

20  Amendments because the denial prevented petitioner from filing a motion for new trial based on

21  juror misconduct.  In his petition for review, petitioner argued that his due process rights were

22  violated because the trial court "failed to follow the requirements of a valid state law."  (LD 4 at

23  11.)  Petitioner contends that the denial of his request for confidential juror information

24  prevented petitioner from conducting "a meaningful investigation into juror misconduct and

25  deprived him of the right to be heard on his motion for a new trial by presenting competent

26  evidence on the issues."  (Id. at 11-12.)  Respondent argues that petitioner fails to state a

1    cognizable habeas claim.

2          The last reasoned rejection of this claim is the decision of the California Court of

3    Appeal for the Third Appellate District on petitioner's direct appeal.  The state court addressed

4    this claim as follows:

5                To the extent defendant recasts his claim as a denial of his right
             to due process, we reject the claim.  First, because defendant failed
6            to lodge a due process objection in the trial court, the claim has
             been forfeited. (See 6 Witkin & Epstein, Cal.Crim. Law (3d ed.
7            2000) Appeal, § 141.)  Second, neutral application of a valid state
             law does not of itself violate due process.  (See, e.g., People v.
8            Fudge (1994) 7 Cal.4th 1075, 1102-1103 [application of state
             evidentiary rules].)  In particular, the state law restrictions on
9            disclosure of juror information do not violate due process.  (People
             v. Santos (2007) 147 Cal.App.4th 965, 979-980 ["no authority for
10           the proposition that there is a deeply rooted right in this nation's
             history to question the jury about its deliberative process after the
11           verdict as a component of the right to an impartial jury"].)  Nor has
             defendant shown that the trial court departed from state law in the
12           manner in which it considered and denied his motion.
             Accordingly, we reject the due process claim.

13

14   People v. Buie, slip op. at 5-6.

15          "A writ of habeas corpus is available under 28 U.S.C. § 2254(a) only on the basis

16   of some transgression of federal law binding on the state courts.  It is unavailable for alleged

17   error in the interpretation or application of state law."  Middleton v. Cupp, 768 F.2d 1083, 1085

18   (9th Cir. 1985) (citations omitted), cert. denied, 478 U.S. 1021 (1986).  It is not available for

19   alleged error in the interpretation or application of state law.  See Estelle, 502 U.S. at 67-68;

20   Middleton, 768 F.2d at 1085.  A habeas petitioner may not "transform a state-law issue into a

21   federal one" merely by asserting a violation of the federal constitution.  Langford v. Day, 110

22   F.3d 1380, 1389 (9th Cir. 1997).  Rather, petitioner must show that the decision of the California

23   Court of Appeals somehow "violated the Constitution, laws, or treaties of the United States."

24   Little v. Crawford, 449 F.3d 1075, 1083 (9th Cir. 2006) (quoting Estelle, 502 U.S. at 68).

25          First, petitioner's claim that he was denied due process because the court

26   precluded petitioner from filing a motion for a new trial based on jury misconduct fails to state a

1    cognizable habeas claim.  The trial court's refusal to provide petitioner the confidential juror

2    information petitioner sought did not preclude petitioner from filing a motion for new trial.  The

3    decision may have made it more difficult for petitioner to obtain evidence to support such a

4    motion, but there was no impediment to petitioner bringing such a motion.

5           Second, violations of state law generally do not implicate federal due process

6    concerns.  It is only when a state statute creates a protected "liberty interest" that the violation of

7    state law raises federal constitutional concerns on federal habeas corpus.  See Bonin v. Calderon,

8    59 F.3d 815, 841 (9th Cir. 1995).  A state law creates a "liberty interest" protected by the Due

9    Process Clause if the law:  (1) contains "substantive predicates" governing official decision

10   making; (2) contains "explicitly mandatory language" specifying the outcome that must be

11   reached if the substantive predicates are met; and (3) protects "some substantive end."  See id. at

12   842.  The state law must provide more than merely procedure.  Id.

13          No protected liberty interest exists with respect to obtaining juror identification

14   information.  Neither statute provides substantive predicates.  Instead, Section 237 requires a

15   prima facie showing of good cause but does not define good cause or explain how good cause is

16   shown other than to state that it is not established "where allegations of jury misconduct are

17   speculative, vague, or conclusory."  Cal. Code Civ. P. § 237.  Furthermore, the state law does not

18   contain explicitly mandatory language specifying the outcome that must be reached if the

19   substantive predicates are met.  Instead, the state rules provide a process in which a party "may"

20   petition for an order unsealing the records and providing the jurors' contact information for the

21   purpose of preparing a motion for new trial, and the trial judge has discretion to grant or deny the

22   motion.  Id.  Moreover, even if petitioner would have had a liberty interest in obtaining juror

23   contact information, it was not arbitrarily taken away from him by the state in this case.  Instead,

24   petitioner was unable to show good cause in order to obtain a hearing on the matter.

25          Third, the trial court was not required to provide petitioner a hearing on

26   petitioner's request to access confidential juror information.  "Clearly established federal law, as

9

1   determined by the Supreme Court, does not require state or federal courts to hold a hearing every

2   time a claim of juror bias is raised." <u>Tracey v. Palmateer</u>, 341 F.3d 1037, 1045 (9th Cir. 2003),

3   <u>cert.</u> <u>denied</u>, <u>Tracey v. Belleque</u>, 125 S. Ct. 196 (2004).  Therefore, petitioner's claim that he was

4   denied due process is unavailing.

5         Finally, to the extent petitioner claims that the trial court's refusal to disclose the

6   juror information denied petitioner his Sixth Amendment right to a fair trial by an impartial jury,

7   his claim also fails as a matter of law.  The Sixth Amendment interest in an impartial and

8   competent jury must be balanced against the "long-recognized and very substantial concerns

9   support[ing] the protection of jury deliberations from intrusive inquiry." <u>Tanner v. United States</u>,

10  483 U.S. 107, 126-27 (1987).  Protecting a criminal defendant's Sixth Amendment right to an

11  impartial jury are "several aspects of the trial process," including:  (1) examination of a juror's

12  suitability through voir dire; (2) observations of juror behavior by the court, counsel, court

13  personnel and other jurors during trial, where inappropriate conduct may be reported to the court

14  prior to rendering a verdict; and (3) post-verdict, non-juror evidence of misconduct.  <u>Id.</u> at 127

15  (citations omitted).  Petitioner had each of these protections.

16        Petitioner's counsel had an opportunity at voir dire to examine the juror

17  concerning the ability to be impartial.  (CT 174-75.)  Prior to the start of evidence, the jurors

18  were instructed that "they must use only the evidence presented in the courtroom," and were

19  informed what constituted evidence.  (RT 8.)  At the close of evidence, the jury was instructed

20  that they were to determine the facts, and that their decision must be "based only on the evidence

21  . . . presented . . . at trial."  (RT 472.)

22        Petitioner has cited no authority suggesting that a criminal defendant has a clearly

23  established federal right to obtain juror identification information after a jury has reached its

24  verdict.  Given the Sixth Amendment protections petitioner received in his state court

25  proceedings, and the absence of any clearly established federal law supporting petitioner's

26  arguments, petitioner's due process claim cannot merit habeas relief.  The California Court of

1    Appeal's rejection of petitioner's third ground was not contrary to, or an objectively reasonable

2    application of, any clearly established federal law as determined by the United States Supreme

3    Court.

4                      C.   Allegedly Withheld Material Information - (Second Claim for Relief)

5              In petitioner's second ground, petitioner claims a juror might have withheld

6    material information during voir dire.  Petitioner states:

7              The jury member said she worked at the bar where every thing took
               place at 20 years ago which would have been 1987, the family of
8              the victim owned and operated the bar since 1982.

9    (Dkt. No. 1 at 6.)  Petitioner appears to argue that the juror may have known one of the victims,

10   contrary to the juror's voir dire statement that the juror was not familiar with any potential

11   witness in this case.

12             Petitioner did not include this second ground as a separate claim in the petition for

13   review filed in the California Supreme Court.  (LD 4.)  Petitioner did include this argument as

14   part of his argument in the opening brief in the California Court of Appeal, but in connection

15   with petitioner's alleged abuse of discretion claim.  (LD at 23, 29 & 32-33.)  Moreover,

16   petitioner did not raise a stand-alone claim of juror bias or misconduct on direct appeal or in his

17   petition for review filed in the California Supreme Court.

18             Therefore, to the extent petitioner is attempting to raise a claim of juror bias or

19   misconduct, the claim is unexhausted.  However, under 28 U.S.C. § 2254(b)(2), the court may

20   deny this claim on the merits even if petitioner failed to exhaust administrative remedies.  After

21   review of the record, this court finds petitioner's claim of jury bias or misconduct is denied.

22             i.   Legal Standards

23             The Sixth Amendment right to a jury trial "guarantees to the criminally accused a

24   fair trial by a panel of impartial, 'indifferent' jurors."  Irvin v. Dowd, 366 U.S. 717, 722 (1961).

25   "Evidence developed against a defendant must come from the witness stand."  Fields v. Brown,

26   503 F.3d 755, 779 (9th Cir. 2007).  "Due process means a jury capable and willing to decide the

11

1  case solely on the evidence before it, and a trial judge ever watchful to prevent prejudicial

2  occurrences and to determine the effect of such occurrences when they happen." Smith v.

3  Phillips, 455 U.S. 209, 216 (1982); see also McDonough Power Equipment, Inc. v. Greenwood,

4  464 U.S. 548, 554 (1984) ("One touchstone of a fair trial is an impartial trier of fact[.]").[3]  A

5  prospective juror must be removed for cause if his views would prevent or substantially impair

6  the performance of his duties as a juror.  See Wainwright v. Witt, 469 U.S. 412, 424 (1985)

7  (judge may strike for cause a potential juror whose views regarding the death penalty "would

8  prevent or substantially impair the performance of his duties as a juror.").  Jurors are

9  objectionable if they have formed such deep and strong impressions that they will not listen to

10 testimony with an open mind.  Irvin, 366 U.S. at 722 n.3.  "Even if only one juror is unduly

11 biased or prejudiced, the defendant is denied his constitutional right to an impartial jury."

12 Tinsley v. Borg, 895 F.2d 520, 523-34 (9th Cir. 1990) (internal quotations omitted); Dyer v.

13 Calderon, 151 F.3d 970, 973 (9th Cir. 1998) (en banc).

14          To obtain a new trial on account of a juror's failure to disclose information during

15 voir dire, "a party must first demonstrate that a juror failed to answer honestly a material question

16 on voir dire, and then further show that a correct response would have provided a valid basis for

17 a challenge for cause." McDonough, 464 U.S. at 556.  As the court explained in Dyer, it follows

18 from McDonough that "an honest yet mistaken answer to a voir dire question rarely amounts to a

19 constitutional violation; even an intentionally dishonest answer is not fatal, so long as the

20 falsehood does not bespeak a lack of impartiality." Dyer, 151 F.3d at 973 (citing McDonough,

21 464 U.S. at 555-56).

22          Courts analyze juror bias under two theories:  actual and implied bias.  The

23 determination whether a juror was actually biased is a question of fact.  See Dyer, 151 F.3d at

24 973.  Because of the importance of such qualities as demeanor and inflection in determining

25 ───────────────

26      [3]  Although McDonough was a civil case, the same standard is used in criminal cases.
   Tinsley v. Borg, 895 F.2d at 524.

1  credibility, the "findings of state trial and appellate courts on juror impartiality deserve a high

2  measure of deference." Tinsley, 895 F.2d at 525 (internal quotation and citation omitted).  Even

3  if a juror's responses on voir dire do not indicate actual bias, bias can be implied, but only in

4  extreme cases.[4]  Id., at 527.

5        ii.  The Trial Court Record

6        During voir dire, the prospective juror who ultimately became the jury foreperson,

7  answered questions as follows:

8        A PROSPECTIVE JUROR:  I worked there when I was about 21.  Years ago.

9        THE COURT:  So 21.  That was last year?

10        A PROSPECTIVE JUROR:  Yeah.

11        THE COURT:  And I'm sorry to do this to you, but approximately how long ago?

12        A PROSPECTIVE JUROR:  20 years ago.

13        THE COURT:  And were you a bartender, a waitress?

14        A PROSPECTIVE JUROR:  I was a bartender.

15        THE COURT:  Okay.

16        A PROSPECTIVE JUROR:  I haven't been there since.  Don't go there.

17        THE COURT: Okay.  So you're really not familiar with any of
18        these potential witnesses?

      A PROSPECTIVE JUROR:  No, no.
19

20        THE COURT:  And is there anything about having worked there
      quite sometime ago that would in any way bias you for or against
21        one side or the other?

22        A PROSPECTIVE JUROR:  No, no.

23      [4]  The Ninth Circuit has analyzed juror bias under a theory of implied bias in exceptional
circumstances.  See, e.g., Estrada v. Scribner, 512 F.3d 1227, 1239-40 (9th Cir. 2008)
24  (identifying four scenarios in which bias might be implied).  The facts in this case do not present
exceptional circumstances that warrant the finding of implied bias.  See id.; Fields, 503 F.3d at
25  768, ("our court has inferred and presumed bias on rare occasions."); Dyer, 151 F.3d at 981-82
(examples of extreme circumstances include a situation where a juror turned out to be a witness
26  to the crime, or if a juror turned out to be the prosecutor's brother).

1  (CT 174-75.)

2          After the jury rendered its verdicts, defense counsel moved for access to

3  confidential juror information concerning the foreperson.  (CT 161.)  After written briefing was

4  completed, the trial court offered counsel an opportunity to provide further arguments.  (RT 624.)

5  The trial court reiterated the parties' positions, and articulated the standards petitioner was

6  required to meet to obtain access to the juror's information.  (RT 625-28.)  In denying the

7  request, the trial court stated:

8          the petition and defense counsel's declaration in this case do not
           make the requisite prima facie showing of good cause, such that
9          the court must set a formal hearing.  While counsel argues that the
           juror made misrepresentations during voir dire, the declaration and
10         the portions of the transcript attached to the declaration do not
           support that argument.

11
           Counsel declares that the juror stated during voir dire that she
12         worked at the Old Tavern Bar 20 years ago and that she was not
           really familiar with the potential witnesses in the case.  Counsel
13         declares that during the victim Vance Hedrick's testimony, it was
           revealed that his family owned the Old Tavern Bar since 1982.
14         Counsel declares that the juror's answers during voir dire led her to
           believe that the juror worked at the Old Tavern Bar prior to the
15         Hedrick's owning the bar, and, thus, led her to believe that the
           juror did not know Vance Hedrick, the owners of the Old Tavern
16         Bar or members of the family.

17         The declaration and the transcript do not show any
           misrepresentation by the juror.  While the juror said she worked at
18         the bar 20 years ago and was not really familiar with the potential
           witnesses, Vance Hedrick's testimony that his family had own[ed]
19         the bar since 1982 did not show that the juror's statement was a
           misrepresentation or that she was concealing some type of bias on
20         voir dire.

21         Specifically, the juror never said that she worked at the Old
           Tavern Bar prior to the Hedrick's owning the bar.  She also
22         indicated that there was nothing about having worked at the bar 20
           years ago that would bias her in any way.  Moreover, there is no
23         showing that the juror knew Vance Hedrick, rather, the only
           showing is that 20 years ago the juror worked at a bar the victim's
24         family owned.

25         Vance Hedrick, who would have been a child at the time the
           juror worked at the Old Tavern Bar, was not cross-examined, and
26         the veracity of his testimony was [not] challenged.

14

1    　　　　There has been no showing that the juror made any statement to
     any other juror about knowing Vance Hedrick or his family or
2    being biased against the defendant because of such knowledge.

3    　　　　Any allegation of juror misconduct is speculative.  Counsel's
     argument requires the court to speculate that the juror
4    misrepresented something in voir dire, and it also requires the court
     to speculate that the misrepresentation improperly influenced the
5    verdict.  Speculative allegations are insufficient for a showing of
     good cause.  [Citation omitted.]

6
     　　　　In addition, even assuming for purposes of argument that there
7    was some type of misconduct, defense counsel does not explain
     how it is of such character as is likely to have influenced the
8    verdict improperly, as set forth in the standards of People [v.]
     Jefflo, supra, at page 1322.

9

10   (RT 629-30.)  The trial court concluded that defense counsel failed to make a prima facie

11   showing of good cause and that the allegation of juror misconduct was speculative.  (RT 631.)

12   　　　　　　　iii.  Application

13   　　　　In petitioner's opening brief filed in the Court of Appeal, petitioner argued that

14   the manner in which the trial court asked the juror whether she was familiar with any potential

15   witnesses allowed the juror to respond, "no," without "any further questioning as to how well she

16   knew [the victim's] parents, who owned the tavern, and were not potential witnesses in the

17   proceeding."  (LD 1 at 33.)  Petitioner argued that the qualifier "not really familiar" used by the

18   trial court in voir dire didn't address whether the juror knew the victim or other potential

19   witnesses.  (Id.)

20   　　　　Petitioner failed to demonstrate that the juror failed to answer voir dire questions

21   honestly.  As noted by respondent, the victim, born in 1971, would have been 16 at the time the

22   juror worked at the Old Tavern Bar.  (Dkt. No. 14 at 22 n.7.)  Thus, the victim was too young to

23   work at the bar at the time the juror worked there.  Moreover, the trial court's questions were

24   sufficient to demonstrate that the juror had no bias based on her employment at the bar.  (CT

25   175.)  Petitioner produced no evidence demonstrating that the juror knew the victim or any other

26   witness in this case, or that her prior employment at the bar biased her against petitioner.

1    Therefore, petitioner's claim of juror bias or misconduct must be denied.

2              But even assuming, arguendo, that the juror knew the victim, petitioner failed to

3    demonstrate that there would be good cause for the juror's removal.  In <u>Montoya v. Scott</u>, 65

4    F.3d 405 (5th Cir. 1995), the Fifth Circuit stated:

5              We have found no published opinion upholding a challenge for
              cause based on a venireperson's mere acquaintance with the victim
6              of the crime for which the defendant has been charged, and the
              Texas Court of Criminal Appeals has squarely held that the mere
7              fact that a juror knows the victim is not sufficient basis for
              disqualification.

8

9    <u>Id.</u>, at 419-20.  In <u>Andrews v. Collins</u>, 21 F.3d 612, 620 (5th Cir. 1994), the Fifth Circuit upheld

10   the district court's finding that there was no implied bias where a juror's daughter had been

11   married to the victim's deceased grandson.  In <u>Howard v. Davis</u>, 815 F.2d 1429, 1431 (11th Cir.

12   1987), the Eleventh Circuit found that the trial court had not committed an abuse of discretion for

13   not excusing a juror who actually was a close friend of the murder victim, where the juror

14   assured the trial court he could be impartial.  In <u>United States v. Freeman</u>, 514 F.2d 171, 174 (8th

15   Cir. 1975), the Eighth Circuit similarly found that there was no abuse of discretion for the trial

16   court failing to excuse a juror who had been acquainted with the victim's family through a mutual

17   friend, a fact the juror disclosed to the trial court after she had been selected as a juror, but before

18   evidence was presented.  Thus, even if petitioner demonstrated the juror made misrepresentations

19   during voir dire about whether she knew or was familiar with the victim, such knowledge would

20   not provide a valid basis for a challenge for cause.

21             Accordingly, assuming petitioner's second ground for relief constitutes a

22   cognizable claim for juror bias or misconduct, the claim lacks merit and is denied.

23   VI.  <u>Conclusion</u>

24             For all of the above reasons, petitioner's application for a writ of habeas corpus is

25   denied.

26   ////

1    Before petitioner can appeal this decision, a certificate of appealability must issue.

2   28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  A certificate of appealability may issue under 28

3   U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a

4   constitutional right."  28 U.S.C. § 2253(c)(2).  The court must either issue a certificate of

5   appealability indicating which issues satisfy the required showing or must state the reasons why

6   such a certificate should not issue.  Fed. R. App. P. 22(b).

7    For the reasons set forth above, the undersigned finds that petitioner has not made

8   a showing of a substantial showing of the denial of a constitutional right.

9    Accordingly, IT IS HEREBY ORDERED that:

10    1.  Petitioner's application for a petition for writ of habeas corpus is denied; and

11    2.  The court declines to issue the certificate of appealability referenced in 28

12   U.S.C. § 2253.

13   DATED:  August 15, 2011

14

15

KENDALL J. NEWMAN

16   UNITED STATES MAGISTRATE JUDGE

17   buie2790.157

18

19

20

21

22

23

24

25

26

17